E-FILED
Thursday, 18 July, 2019  12:01:11 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. |
| | ) | |
| CHARLES H. BARNES AND | ) | |
| MICHELE R. BARNES F/K/A | ) | |
| MICHELE R. GILBERT, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Now comes, UNITED STATES OF AMERICA, by and through its attorneys, JOHN C. MILHISER, United States Attorney for the Central District of Illinois, and Assistant United States Attorney David H. Hoff, and for its cause of action alleges that:

1. This is a civil action brought pursuant to 28 U.S.C. § 1345 to foreclose the hereinafter described mortgage or other conveyance in the nature of a mortgage (hereinafter called "mortgage") and to join the following persons as defendants:

   CHARLES H. BARNES AND MICHELE R. BARNES F/K/A MICHELE R. GILBERT

2. Attached as Exhibits "A" and "B" are copies of mortgages (these mortgages were assumed); Exhibit "C" is a copy of the mortgage; Exhibits "D" and "E" are copies of Promissory Notes (these Notes were assumed) secured thereby; Exhibit "F" is a copy of the Assumption Agreement; Exhibit "G" is a copy of the Promissory Note secured thereby; and Exhibit "H" is the Notice of Acceleration.

3. Information concerning mortgage:

(A).  Nature of instrument:              Mortgage

(B)   Dates of mortgages:               Ex. A, December 8, 1986

                                        Ex. B, February 8, 1991

                                        Ex. C, August 15, 1995

(C)   Names of mortgagors:              Ex. A, Jane Ann Peters (this
                                        mortgage was assumed)
                                        Ex. B, Jane Ann Peters (this
                                        mortgage was assumed)
                                        Ex. C, Charles H. Barnes and
                                        Michele R. Barnes, f/k/a Michele R.
                                        Gilbert


(D)   Name of mortgagee:                United States of America acting
                                        through the Rural Housing Service
                                        or successor agency, United States
                                        Department of Agriculture, f/k/a
                                        Farmers Home Administration


(E)   Date and place of recording:      Ex. A, December 8, 1986,
                                        Ex. B, February 14, 1991,
                                        Ex. C, August 16, 1995, Greene
                                        County, Illinois


(F)   Identification of recording:       Ex. A, recorded as Book 115, page
                                        178, Doc# 70988,
                                        Ex. B, recorded as Book 124, page
                                        107, Doc# 86527
                                        Ex. C, recorded as Book 64, page
                                        171, Doc #102957


(G)   Interest subject to the mortgage:  Fee Simple

(H)   Amount of original indebtedness,
      including subsequent advances
      made under the mortgage:          $41,420.00

(I)   Both the legal description of the mortgaged real estate and the common
      address or other information sufficient to identify it with reasonable
      certainty:

      1.      Legal description of the mortgaged premises:

Lot Twelve (12) except the East One Hundred (100) feet thereof, in Pierson's Addition to the City of Carrollton, according to the recorded plat thereof, situated in said City of Carrollton, in the County of Greene, in the State of Illinois.
Property ID# 03-92-22-215-005

2.      Common address or location of mortgaged premises:

8 Seventh Street, Carrollton, Illinois 62016

(J)     Statement as to defaults and amount now due::

1.      Date of Default is July 9, 2013.

2.      Payments which have become due under the secured note are in default and arrears in the total amount of $28,124.96.

3.      The total amount now due is $51,340.31 as of July 6, 2017, plus interest accrued thereafter, court costs, title costs, and plaintiff's attorney fees.  This amount due includes the total principal and interest due and payable, all outstanding advances and fees charged to the defendants account and total subsidy received on the defendants loans.

4.      The per diem interest accruing under the mortgage after default is $7.6297.

(K)      Name of present owners of the real estate:  Charles H. Barnes and
                                                    Michele R. Barnes f/k/a
                                                    Michele R. Gilbert

(L)     Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law, Chapter 735 ILCS, Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated.

NA

a.  That an accounting may be taken under the direction of the court of the Plaintiff's mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the mortgaged real estate, which lien is prior and superior to the right, title, interest, claim, or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

3

(M)     Names of defendants claimed to be personally liable for deficiency, if any:

   NA

(N)     Capacity in which plaintiff brings this foreclosure: as the owner and legal holder of said note, mortgage, and indebtedness.

(O)     Facts in support of shortened redemption period, if sought:

   The fair market value of the mortgaged real estate is less than 90 percent of the amount of the judgment requested herein and mortgagee hereby waives any and all rights to a personal deficiency judgment against the borrowers.  We are requesting the redemption period be reduced to 60 days.

(P)     Facts in support of request for costs and expenses, if applicable.

   Plaintiff has been required to incur title insurance or abstract costs, and other expenses which should be added to the balance secured by said mortgage.

(Q)     Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought:

   NA

(R)    Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

(S)     Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

   Charles H. Barnes and Michele R. Barnes f/k/a Michele R. Gilbert

<u>REQUEST FOR RELIEF</u>

Plaintiff requests:

      i.    A judgment to foreclosure such mortgage, ordering:

          a.  amounts due and owing to the plaintiff;

          b.  That the defendants be ordered to pay to the plaintiff before expiration of any redemption period (or, if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extent provided in the mortgage or by law);

          c.  That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment.

          d.  That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase price of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

          e.  That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article, and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate; and

          f.  That if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15-1701, et. seq.

      ii.    An order granting a shortened redemption period, if authorized by law.

      iii.    A personal judgment for a deficiency, if authorized by law.

      iv.    An order granting possession.

v.  An order placing the mortgagee in possession or appointing a receiver.

vi.  A judgment for fees, costs and expenses.

vii.  Enforcement of its assignment of rents derived from said real estate.

viii.  Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

<u>ADDITIONAL REQUEST FOR RELIEF</u>

Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS Section 5/15-1506(f)):

i.  Judicial sale conducted by the United States Marshal or his representative, at which the plaintiff is entitled to bid;

ii.  Title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for the preceding year which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restrictions of record.

iii.  In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

BY:  <u>s/David H. Hoff</u>
David H. Hoff, Bar No. IL 1234072
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217/373-5891
david.hoff@usdoj.gov

E-FILED
Thursday, 18 July, 2019  12:01:11 PM
CLERK OF COURT U.S. DISTRICT COURT
STATE OF ILLINOIS
CENTRAL DISTRICT OF ILLINOIS

*Position 5*

**USDA-FmHA**
Form FmHA 427-1 IL
(Rev. 12-6-84)

form of this Mortgage was prepared by the Office
the General Counsel, United States Department of Agricul-
ture and the material in the blank spaces was inserted by or
under the direction of __Thomas E. Benz__ ,
County  Supervisor,  Farmers  Home  Administration,
__R. R. #3, Route 267 North__
__Carrollton, Illinois  62016__

STATE OF ILLINOIS }
COUNTY OF GREENE } ss
This instrument was filed for record on
the __8__ day of __Dec__ A.D.
19__86__ at __2:54__ o'clock __P__ M. and
Recorded in Book __115__ Page __178__

Paid $ __8.00__                              Recorder

## REAL ESTATE MORTGAGE FOR ILLINOIS

THIS MORTGAGE is made and entered into by ___Jane Ann Peters, divorced___

residing in _____Greene_____ County, Illinois, whose post office address is

____8 North 7th Street, Carrollton____ , Illinois, __62016__ ,
herein called "Borrower" and the United States of America, acting through the Farmers Home Administration, United States
Department of Agriculture, herein called the "Government,"

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption
agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, au-
thorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is
described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| December 8, 1986 | $29,650.00 | 9⅝% | December 8, 2019 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument
may be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the
payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or
any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the
Government, or in the event the Government should assign this instrument without insurance of the note, this instrument
shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of
the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage
to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower
by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or
in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt
payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision
for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure per-
formance of Borrower's agreement herein to indemnify as security for future advances with interest, and save harmless the
Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all
times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter
described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary
agreement, Borrower does hereby convey, mortgage, assign, and warrant unto the Government the following property sit-

uated in _____Greene_____ County(ies),
State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of
Illinois, to wit:

# EXHIBIT A

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)   Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)   At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)   The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)   If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)   Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)   SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18)   The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)   Borrower agrees that the Government will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate, of descent, dower, curtesy, and homestead.

(20)   If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for him will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21)   This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

Lot Twelve (12) except the East One Hundred (100) feet thereof, in Pierson's Addition to the City of Carrollton, situated in Greene County, Illinois.

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this line, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Govern■■■■■■■■■■■■■■■■■■

(7)    To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(22)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Champaign, Illinois 61820, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this        8th

day of ____December_____, 19 86.

s/Jane Ann Peters
_____ * (SEAL)
JANE ANN PETERS

_____ * (SEAL)

## ACKNOWLEDGMENT

STATE OF ILLINOIS

COUNTY OF ____Greene_____ } ss:

I, _____Marcia Lansaw_____ , a Notary Public, do hereby certify that

____Jane Ann Peters_____

and _____ ,

personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this ___8th____ day of ___December_____, A. D., 19 _86_

"OFFICIAL SEAL"
MARCIA LANSAW
(SEAL) NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 10/27/90

* Marcia Lansaw          *Notary Public.*

My commission expires ____October 27, 1990

This instrument was prepared by:

JAMES W. DAY, ATTORNEY
620 NORTH MAIN STREET
CARROLLTON, ILLINOIS  62016

*Print, stamp or typewrite the names of the mortgagers and the notary beneath their signatures.

USDA-FmHA
Form FmHA 427-1 IL
(Rev. 6-89)

The form of this Mortgage was prepared by the Office of the General Counsel, United States Department of Agriculture and the material in the blank spaces was inserted by or under the direction of ___Thomas E. Benz___ , County Supervisor, Farmers Home Administration, ___RR #3, Box 129B___ ___Carrollton, IL  62016___

*86527*

STATE OF ILLINOIS } SS
COUNTY OF GREENE }
This instrument was filed for record on the _14_ day of _Feb._ A.D. 19_91_ at _152_ o'clock _P_ M. and Recorded in Book _124_ Page _102_

Paid $ _150_ _____ Recorder

## REAL ESTATE MORTGAGE FOR ILLINOIS

THIS MORTGAGE is made and entered into by ___Jane Ann Peters, divorced___

residing in ___Greene___ County, Illinois, whose post office address is ___8 North 7th Street, Carrollton___ , Illinois, ___62016___ , herein called "Borrower" and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government,"

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation agreement or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| December 8, 1986 | $29,650.00 | 9½% | December 8, 2019 |
| February 8, 1991 | $1,100.00 | 83/4% | February 8, 1996 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Recapture Agreement Shared Appreciation Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify as security for future advances with interest, and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby convey, mortgage, assign, and warrant unto the Government the following property situated in ___Greene___ County(ies), State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of Illinois, to wit:

FmHA 427-1 IL (Rev. 6-89)

## EXHIBIT B

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14).  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government–whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate, of descent, dower, curtesy, and homestead.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

Lot Twelve (12) except the East One Hundred (100) feet thereof,
in Pierson's Addition to the City of Carrollton, situated in
Greene County, Illinois.  Subject to a mortgage to Farmers
Home Administration, USDA, filed for record on December 8, 1986,
Book 115, Page 178.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income there-from, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harm-less the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Govern-ment, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Bor-rower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this line, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and pay-able by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Govern-ment determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)    To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Champaign, Illinois 61820, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____8th_____

day of ____February____ , 19_91_.

　　　　　　　　　　　　　　s/Jane Ann Peters _____ (SEAL)
　　　　　　　　　　　　　　Jane Ann Peters　　　　　　　*

　　　　　　　　　　　　　　_____ (SEAL)
　　　　　　　　　　　　　　　　　　　　　　　　　　*

## ACKNOWLEDGMENT

STATE OF ILLINOIS
　　　　　　　　　　　　} ss:
COUNTY OF ___GREENE___

I, ____Kimberly R. Laris_____ , a Notary Public, do hereby certify that

　　　Jane Ann Peters

~~and~~ _____ ,
personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth.

　　　Given under my hand and official seal this __8th__ day of __February__ , A. D., 19_91_.

"OFFICIAL SEAL"　　　　　s/Kimberly R. Laris
KIMBERLY
NOTARY PUBLIC, St.　　　　* Kimberly R. Laris　　　　　Notary Public.
My Commission Expires 12/9/91

My commission expires __12-9-91__

　　　　　　　　　　　　　This instrument was prepared by:

　　　　　　　　　　　　　Farmers Home Administration, USDA
　　　　　　　　　　　　　RR #3, Box 129B
　　　　　　　　　　　　　Carrollton, IL  62016

*Print, stamp or typewrite the names of th    rtgagers and the notary beneath their signatures.

**USDA-FmHA**
Form FmHA 1927-1 IL
(Rev. 11-94)

The form of this Mortgage was prepared by the Office of
the General Counsel, United States Department of Agri-
culture and the material in the blank spaces was inserted
by or under the direction of <u>Robt. B. Trost,</u>
<u>County Supervisor, Farmers Home Administration,</u>
<u>R.R. #3, Box 129B, Carrollton,</u>
<u>Il. 62016</u>

STATE OF ILLINOIS  } *102957*
COUNTY OF GREENE   } SS
This instrument was filed for record on
the *16* day of *August* A.D.
19*95* at *10⁴⁴* o'clock *P* M. and
Recorded in Book *64* Page *121*

s/Deborah Banghart

Paid $ *16⁰⁰* _____ Recorder

*Position 5*

# REAL ESTATE MORTGAGE FOR ILLINOIS

THIS MORTGAGE is made and entered into by <u>Charles H. Barnes and Michele R. Gilbert, both</u>

<u>single persons never having been married,</u>

residing in _____ <u>Greene</u> _____ County, Illinois, whose post office address**es** are

<u>P.O. Box 6, Rockbridge, IL 62081</u> _____ , Illinois, <u>62016</u> _____ ,
<u>and 215 Sycamore, Carrollton</u> _____
herein called "Borrower," and the United States of America acting through the Farmers Home Administration, United States Department
of Agriculture, herein called the "Government,"

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s),
or any shared appreciation agreement or recapture agreement, herein called "note," which has been executed by Borrower, is payable to
the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by
Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| December 8, 1986 | $29,000.00 | 9½% | December 8, 2019 |
| February 8, 1991 | $ 1,100.00 | 8-3/4% | February 8, 1996 |
| August 15, 1995 | $10,670.00 | 7½% | August 15, 2028 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be
increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof
pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statute administered
by the Farmers Home Administration;

FmHA 1927-1 IL (Rev. 11-94)

EXHIBIT C

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any deferred principal and interest or of any interest credit and subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §§ 1472(g) or 1490a, respectively, or any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify as security for future advances with interest, and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby convey, mortgage, assign, and warrant unto the Government the following property situated in _____Greene_____ County(ies), State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of Illinois, to wit:

Lot Numbered Twelve (12) EXCEPT the East 100 feet thereof, in Pierson's Addition to the City of Carrollton, according to the recorded plat thereof, situated in said City of Carrollton, in the County of Greene, in the State of Illinois.


SUBJECT to the lien of two (2) mortgages to the United States of America, acting through the Farmers Home Administration, USDA, one being dated December 8, 1986, recorded December 8, 1986, in Book 115-Mtgs., page 178, as Document No. 70988; the second one being dated February 8, 1991, recorded February 14, 1991, in Book 124-Mtgs., page 107, as Document No. 70988, in the Recorder's Office of Greene County, Illinois.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this line, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument. Government says otherwise in writing. HOWEVER, any forbearance by the Government-whether once or often-in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate, of descent, dower, curtesy, and homestead.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, age, handicap or familial status, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, age, handicap or familial status.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Champaign, Illinois 61820, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above.).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____ 15th _____

day of _____ August _____ , 19 95 .

s/Charles H. Barnes _____ (SEAL)
Charles H. Barnes                                       *

s/Michele R. Gilbert _____ (SEAL)
Michele R. Gilbert                                      *

**ACKNOWLEDGMENT**

STATE OF ILLINOIS

COUNTY OF _____ Greene _____ } *ss:*

I. _____ the undersigned _____ , a Notary Public, do hereby certify that

Charles H. Barnes _____ and ___ Michele R. Gilbert _____ .
personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this ____ 15th _____ day of _____ August _____ , A.D., 19 95 .

"OFFICIAL SEAL"
KATHLEEN L. ETTER
NOTARY PUBLI. GREENE COUNTY.
(SEAL)    STATE OF ILLINOIS
My Commission Expires 1-06-1999

s/Kathleen L. Etter
_____
*                                              Notary Public

My commission expires ____ Jan. 6-1999 _____

*Print, stamp or typewrite the names of the mortgagers and the notary beneath their signatures.*

Form FmHA 440-16
(Rev. 11-10-75)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**KIND OF LOAN**

Type:___HOUSING_____

Pursuant to:
☐ Consolidated Farm and Rural
Development Act.

☒ Title V of the Housing Act of 1949.

**PROMISSORY NOTE**

STATE
    ILLINOIS
COUNTY
    GREENE
CASE NO.
    6778

Date _____December____8_____ , 19 86__.

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____CARROLLTON, ILLINOIS_____ ,

THE PRINCIPAL SUM OF ----TWENTY NINE THOUSAND SIX HUNDRED FIFTY AND NO/100------

DOLLARS (\$ _29,650.00_____ ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

--NINE AND ONE-HALF------- **PERCENT** ( __9½_____ %) **PER ANNUM**.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)
☐ I.   Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due

on _____ , 19 ___ . Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box below;

☐ II.   Principal and Interest payments shall be deferred. The interest accrued to _____ , 19 _____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein \$_____. and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19 ___, through_____ , 19 ___,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ IV.   Payments shall not be deferred. Principal and Interest shall be paid in ___396_____ installments as indicated in the box below:

\$ _____246.00_____ on __January 8_____ , 1987__ , and

\$ _____246.00_____thereafter on the_____8th_____of each _month_____ until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** _THIRTY THREE_____ ( ____33_____ ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

EXHIBIT D

*Position 2*

FmHA 440-16 (Rev. 11-10-75)

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

X s/Jane Ann Peters _____ (SEAL)

JANE ANN PETERS        *(BORROWER)*

_____ (SEAL)

*(SPOUSE)*

_____

8 North 7th Street

Carrollton, Illinois  62016

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $29,650.00 | 12-8-86 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $29,650.00 | 12-8-86 |

☆U.S.GPO:1983-0-664-049/10

Position 2                                    FmHA 440-16 (Rev. 11-10-75)

Form FmHA 1940-16
(Rev. 8/87)

**PROMISSORY NOTE**

| TYPE OF LOAN |
|---|
| RH |

| STATE | ILLINOIS |
|---|---|
| COUNTY | GREENE |
| CASE NO. | ████6778 |

Date ___February 8___, 19_91_.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

___CARROLLTON, ILLINOIS___,

THE PRINCIPAL SUM OF ___ONE THOUSAND ONE HUNDRED AND NO/100————————————————

DOLLARS ($___1,100.00___), plus INTEREST on the UNPAID PRINCIPAL of

___EIGHT AND THREE-FOURTHS___ PERCENT (___8 3/4___%) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The interest accrued to _____, 19_____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19_____, through _____, 19_____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.    Payments shall not be deferred. Principal and Interest shall be paid in ___60___ installments as indicated in the box below:

| $___23.00___ | on ___March 8___, 19_91_, and |
|---|---|

$___23.00___ thereafter on the ___8th___ of each ___month___

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE ___FIVE___ (___5___) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

EXHIBIT E

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

s/Jane Ann Peters         (SEAL)

Jane Ann Peters     *(BORROWER)*

               (SEAL)

*(SPOUSE)*

8 North 7th Street

Carrollton, IL  62016

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ 1,100.00 | 1-8-91 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 1,100.00 | 2-8-91 |

☆ U.S. Government Printing Office: 1987—723-431/61518

*Position 2*         FmHA 1940-16 (Rev. 8/87)

FROM

13142062304    #210 P.3/3

**FORM APPROVED**
OMB No. 0575-0086

USDA-FmHA
Form FmHA 1965-15
(Rev. 6-90)

**ASSUMPTION AGREEMENT**
Single-Family Housing Loan(s)

# 669

Type of Loan __46-12-02__
☒ Sec. 502   ☐ Non Program   ☐ Sec. 504

Case Number:

1|3|5|8

This Agreement dated _____ AUGUST 15 _____, 19 __95__, is between the United States of America, acting through the Farmers Home Administration (herein called the Government), and __CHARLES H. BARNES and MICHELE R. GILBERT__

(herein called Borrower), whose mailing address is __8 N. SEVENTH ST., CARROLLTON, IL 62016__

The Government is the holder of debt instrument(s) secured by the following described security instrument(s) executed by __JANE A. (PETERS) TODD__
Case Number: _____6778_____ on real property described therein which is located in __GREENE__ County, State of __ILLINOIS__

| Type Instrument | Date Executed | Office Where Recorded | Book/Volume/ Document Number | Page Number |
|---|---|---|---|---|
| R/E Mortgage | 12-8-86 | Greene Co. Recorder | Doc.70988,Book 115 | 178 |
| R/E Mortgage | 02-8-91 | Greene Co. Recorder | Doc.86527,Book 124 | 107 |

In consideration of the assumption of indebtedness as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. Borrower hereby assumes liability for and agrees to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other location as may later be specified) the principal sum of __TWENTY-SIX THOUSAND SIX HUNDRED SEVEN AND 38/100_____ dollars ($ __26,607.38__ ) plus interest at the rate of __SEVEN AND ONE-HALF_____ percent ( __7½__ %) per annum, payable in installments as follows:

$ __182.00__ on __SEPTEMBER 15__, 19 __95__, and

$ __182.00__ thereafter on the __15TH__ of each __MONTH__ until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable __THIRTY-THREE__ ( __33__ ) years from the date of this Agreement.

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of the debt instrument(s) hereby assumed shall, except as modified herein, remain in full force and effect, and Borrower hereby assumes the obligations of and agrees to comply with all covenants, agreements, and conditions contained in said instrument(s), as modified herein, as though Borrower had executed them as of the date thereof as principal obligor(s).

4. Provisions of the debt and security instrument(s) which require that the borrower occupy the FmHA-financed dwelling or graduate to another credit source do not apply to assumption on ineligible (Non Program) terms.

5. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

__N/A__
(Co-signer)

**UNITED STATES OF AMERICA**
**FARMERS HOME ADMINISTRATION**

By __s/Robert B. Trost__
ROBERT B. TROST

Title __Acting County Supervisor__

Date __August 15, 1995__

FmHA County Office Address: __RR # Box 129B, Carrollton, IL 62016__

s/Charles H. Barnes
CHARLES H. BARNES    Borrower

s/Michele R. Gilbert
MICHELE R. GILBERT    Borrower

Former Borrower Released From Liability __Yes__

**EXHIBIT F**

## PROMISSORY NOTE

| TYPE OF LOAN | STATE | ILLINOIS |
|---|---|---|
| RURAL HOUSING | COUNTY | GREENE |
| | CASE NO. | 1358 |

Date _____ AUGUST 15 _____ , 19 95 .

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

CARROLLTON, ILLINOIS _____ ,

THE PRINCIPAL SUM OF TEN THOUSAND SIX HUNDRED SEVENTY AND NO/100-----------

DOLLARS ($ 10,670.00----------------------- ), plus INTEREST on the UNPAID PRINCIPAL of

SEVEN AND ONE-HALF _____ PERCENT ( 7½ ____ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____ , 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19____ , through _____ , 19____ ,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in 396 _____ installments as indicated in the box below:

$ _____ 73.00 _____ on _____ SEPTEMBER 15 _____ , 19 95 , and

$ _____ 73.00 _____ thereafter on the 15TH ____ of each MONTH _____
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE THIRTY-THREE ( 33 ____ ) YEARS
from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

EXHIBIT G

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

<table>
<tr><td>__s/Charles H. Barnes_____</td><td>(SEAL)</td></tr>
</table>

_s/Charles H. Barnes_____ (SEAL)
CHARLES H. BARNES _(BORROWER)_

_s/Michele R. Gilbert_____ (SEAL)
MICHELE R. GILBERT _(CO-BORROWER)_

_____8 N. SEVENTH ST._____

_____CARROLLTON, IL 62016____

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| **AMOUNT** | **DATE** | **AMOUNT** | **DATE** | **AMOUNT** | **DATE** |
| (1) $ 10,670. | 8-15-95 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 10,670.00 | 8/15/95 |

**USDA**

United States Department of Agriculture

<table>
<tr><td>Rural Development</td><td>JULY 09, 2013</td></tr>
</table>

Centralized Servicing
Center

4300 Goodfellow Blvd.
PO Box 66827
St. Louis, MO 63166

Voice 800-793-8861
800-438-1832
(TDD/TTY Hearing
Impaired Only) or
Fax 314-457-4450

**CERTIFIED MAIL**

**RETURN RECEIPT REQUESTED**

MICHELLE R GILBERT
8 7TH ST

CARROLLTON IL 60216

Subject: NOTICE OF ACCELERATION OF YOUR RURAL HOUSING
SERVICE LOAN(S); DEMAND FOR PAYMENT OF THAT DEBT;
NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR
OPPORTUNITY TO HAVE A HEARING CONCERNING THIS
ACTION

Dear: BORROWER(S);

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note (s)
and/or assumption agreement(s) which evidence the loan(s) received by you from
the United States of America, acting through the United States Department of
Agriculture Rural Housing Service (RHS), formerly Farmers Home Administration,
is now declared immediately due and payable and demand is hereby made on you
to pay this entire indebtedness. If payment in full is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to
secure the indebtedness by foreclosure of its lien(s) on your house.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
| 4671 | 12/08/86 | 29,650.00 |
| | 02/08/91 | 1,100.00 |
| 0357 | 11/16/06 | 4,476.90 |
| 4668 | 08/15/95 | 10,670.00 |

The acceleration of your indebtedness is made in accordance with the authority
granted in the above described instrument(s). The reason(s) for the acceleration of
your indebtedness is (are) As follows:

**MONETARY DEFAULT**

The balance of the account is **$32715.87** unpaid principal and **$1108.14** unpaid
interest as of 07/09/13 , plus additional interest accruing at the rate of **$6.1383** per
day thereafter, plus additional advances to be made by the United States for the

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form (PDF), found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

EXHIBIT H

protection of its security, the interest accruing on any such advances, fees or late charges, and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

Unless full payment of this indebtedness is received within 30 days from the date of this letter the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to Rural Housing Service and mailed to the following address:**

**USDA-RHS**
**P.O. Box 790170**
**St. Louis, MO. 63179-0170**

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS-** You has the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than 07/24/13. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. [See the attachment for your appeal rights.]

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING-** If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than thirty (30) days from the date of receipt of this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or an ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval.

Please contact our Centralized Servicing Center office at 1-800-349-5097, if you desire to satisfy your loan(s) by one the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Risk Management toll free at 1-800-793-8861 or TDD 1-800-438-1832, 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

s/Toni L. Carter

Toni L. Carter
Acting Director CSC –
Bankruptcy/Foreclosure/Loss Mitigation
Rural Housing Service

**Date**: 07/09/13
Attachment
CC: State Office

This letter was mailed certified and regular mail on 07/09/13.

## APPEAL RIGHTS ATTACHMENT

**If you believe the decision in the attached letter or facts used in this case are in error, you may pursue any or all of the following three options.**

### Option·1·- Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later that 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the follow two options. If you do, you will automatically waive your right to reconsideration.

To request reconsideration, send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALZIED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFEWLLOW BLVD., BLDG 105
ST. LOUIS, MO 63120

### Option 2 - Mediation or Alternative Dispute Resolution (ADR)

You have the right to request mediation or other forms of alternative dispute resolution (ADR) for the issues that are available for mediation. *You will have to pay for at least 50% of the cost of mediation or ADR.* Rural Development will pay for the other 50% of the cost, provided the Agency has sufficient resources. If the Agency does not have sufficient resources, you will be advised how much, if any, the Agency can contribute to the cost of mediation or ADR. If you need information to assist you in deciding whether to seek mediation of ADR, you may contact the Rural Development State Director listed below.

If you elect to seek mediation or ADR, your written request for this service must be sent to the Rural Development State Director listed below and must be postmarked no later than 30 days from the date of the attached letter. A copy must also be sent to this office. The Rural Development State Director will advise you of the estimated cost of mediation or ADR, the extent to which the Agency can contribute to the cost, and the process and procedures for this service. If the State in which the Agency financed property is located is covered by a USDA sponsored mediation program, you will be referred to such service. In states without a USDA sponsored mediation program, you will be provided with the name or names of mediators. You will be advised directly by the mediation or ADR source if they can mediate your case. Once you request mediation or ADR, it stops the running of the 30-day period in which you may request an appeal (described in Option 3). If mediation or ADR does not result in resolution of these issues, you have the right to continue with a request for an appeal hearing as set forth in Option 3.

When mediation or ADR is concluded, you will be notified of the result and the number of days remaining to request an appeal, if applicable. If you request mediation or ADR prior to filing for an appeal, the number of days you will have to request an appeal will be 30 days from the adverse decision minus the number of days you took to request mediation. Mediation of ADR does not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation or ADR. You may skip mediation or ADR and request an appeal hearing. However, in doing so, you will automatically waive your rights to an informal meeting, mediation or ADR.

Rural Development State Director address: (a copy must also be sent to the Centralized Servicing Center)

**Illinois State Office**
**USDA-Rural Development**
**2118 West Park Court, Ste. A**
**Champaign, IL  61821-2986**

**Option 3 - Appeal**

You may request an appeal hearing from the National Appeals Division (NAD) rather than an informal review, mediation or ADR.  There is not cost for an appeal.  Your request for an appeal must be made no later than 30 days from the date you receive the attached letter.  You must write the Assistant Director, NAD, for your region at the following address:
  NAD Assistant Director Address: (A copy must also be sent to the Centralized Servicing Center)

**U. S. DEPARTMENT OF AGRICULTURE**
**National Appeals Division**
**Eastern Regional Division**
**PO Box 68806**
**Indianapolis, Indiana 46268**
**1-800-541-0457**

The request for a NAD hearing must state the reasons why you believe the decision is wrong, be personally signed by you, and must include a copy of the attached letter.  A copy of your request must also be sent to this office.

You have the right to an appeal hearing within 45 days of the receipt of your request.  You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to examine or copy relevant non-confidential material in your file.  Photostatic copies will be provided in accordance with the Freedom of Information Act.  Your representative or counsel should have your written authorization to represent you and review your file.

The NAD Hearing Officer will contact you regarding a time and place for the hearing.  You may also request a teleconference hearing in lieu of the face to face hearing.  Rural Development intends to participate in any appeal hearing in writing, by teleconference, or both.  At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing.  If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer thinks necessary.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants based on race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract), or because all or part of the applicant's income derives from any public assistance program.  Department of Agriculture regulations provide that no agency, officer, or employee of the United States Department of Agriculture shall exclude from participation in, deny the benefits of, or subject to discrimination any person based on race, color, religion, sex, age, handicap, or national origin under any program or activity administered by such agency, officer, or employee.  The Fair Housing Act prohibits discrimination in real estate-related transactions or in terms and conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.  If an applicant or borrower believes he or she has been discriminated against for any other reasons, that person can write the Secretary of Agriculture, Washington, D.C. 20250.  Applicants also cannot be denied a loan because the applicant has in good faith exercised his or her right under the Consumer Protection Act.  If an applicant believes he or she was denied a loan for this reason, the applicant should contact the Federal Trade Commission, Washington, D.C. 20580.

**USDA**

**United States Department of Agriculture**

Rural Development·

Centralized Servicing
Center

4300 Goodfellow Blvd.
PO Box 66827
St. Louis, MO 63166

Voice 800-793-8861
800-438-1832
(TDD/TTY Hearing
Impaired Only) or
Fax 314-457-4450

JULY 09, 2013

## CERTIFIED MAIL

## RETURN RECEIPT REQUESTED

CHARLES H BARNES
8 7TH ST

CARROLLTON IL 60216

Subject: NOTICE OF ACCELERATION OF YOUR RURAL HOUSING
SERVICE LOAN(S); DEMAND FOR PAYMENT OF THAT DEBT;
NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR
OPPORTUNITY TO HAVE A HEARING CONCERNING THIS
ACTION

Dear: BORROWER(S);

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note (s)
and/or assumption agreement(s) which evidence the loan(s) received by you from
the United States of America, acting through the United States Department of
Agriculture Rural Housing Service (RHS), formerly Farmers Home Administration,
is now declared immediately due and payable and demand is hereby made on you
to pay this entire indebtedness. If payment in full is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to
secure the indebtedness by foreclosure of its lien(s) on your house.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
| 4671 | 12/08/86 | 29,650.00 |
| | 02/08/91 | 1,100.00 |
| 0357 | 11/16/06 | 4,476.90 |
| 4668 | 08/15/95 | 10,670.00 |

The acceleration of your indebtedness is made in accordance with the authority
granted in the above described instrument(s). The reason(s) for the acceleration of
your indebtedness is (are) As follows:

## MONETARY DEFAULT

The balance of the account is **$32715.87** unpaid principal and **$1108.14** unpaid
interest as of 07/09/13 , plus additional interest accruing at the rate of **$6.1383** per
day thereafter, plus additional advances to be made by the United States for the

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form (PDF),
found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form.
You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by
mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410,
by fax (202) 690-7442 or email at program.intake@usda.gov.

2

protection of its security, the interest accruing on any such advances, fees or late charges, and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

Unless full payment of this indebtedness is received within 30 days from the date of this letter the United States will take action to foreclose its lien on your house and to pursue any other available remedies.  **Payment should be made by cashier's check, certified check, or postal money orders payable to Rural Housing Service and mailed to the following address:**

**USDA-RHS**
**P.O. Box 790170**
**St. Louis, MO. 63179-0170**

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice.  If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS**- You has the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place.  This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure.  If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing.  The request for an informal discussion must be sent to the undersigned no later than 07/24/13.  Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received.  You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office.  If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal.  [See the attachment for your appeal rights.]

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING**- If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than thirty (30) days from the date of receipt of this notice.  Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal.  Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure.  You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or an ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval.

3

Please contact our Centralized Servicing Center office at 1-800-349-5097, if you desire to satisfy your loan(s) by one the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Risk Management toll free at 1-800-793-8861 or TDD 1-800-438-1832, 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

s/Toni L. Carter

Toni L. Carter
Acting Director CSC –
Bankruptcy/Foreclosure/Loss Mitigation
Rural Housing Service

**Date**: 07/09/13
Attachment
CC: State Office

This letter was mailed certified and regular mail on 07/09/13.

## APPEAL RIGHTS ATTACHMENT

**If you believe the decision in the attached letter or facts used in this case are in error, you may pursue any or all of the following three options.**

**Option·1·- Reconsideration**

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later that 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the follow two options. If you do, you will automatically waive your right to reconsideration.

To request reconsideration, send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALZIED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFEWLLOW BLVD., BLDG 105
ST. LOUIS, MO 63120

**Option 2 - Mediation or Alternative Dispute Resolution (ADR)**

You have the right to request mediation or other forms of alternative dispute resolution (ADR) for the issues that are available for mediation. *You will have to pay for at least 50% of the cost of mediation or ADR.* Rural Development will pay for the other 50% of the cost, provided the Agency has sufficient resources. If the Agency does not have sufficient resources, you will be advised how much, if any, the Agency can contribute to the cost of mediation or ADR. If you need information to assist you in deciding whether to seek mediation of ADR, you may contact the Rural Development State Director listed below.

If you elect to seek mediation or ADR, your written request for this service must be sent to the Rural Development State Director listed below and must be postmarked no later than 30 days from the date of the attached letter. A copy must also be sent to this office. The Rural Development State Director will advise you of the estimated cost of mediation or ADR, the extent to which the Agency can contribute to the cost, and the process and procedures for this service. If the State in which the Agency financed property is located is covered by a USDA sponsored mediation program, you will be referred to such service. In states without a USDA sponsored mediation program, you will be provided with the name or names of mediators. You will be advised directly by the mediation or ADR source if they can mediate your case. Once you request mediation or ADR, it stops the running of the 30-day period in which you may request an appeal (described in Option 3). If mediation or ADR does not result in resolution of these issues, you have the right to continue with a request for an appeal hearing as set forth in Option 3.

When mediation or ADR is concluded, you will be notified of the result and the number of days remaining to request an appeal, if applicable. If you request mediation or ADR prior to filing for an appeal, the number of days you will have to request an appeal will be 30 days from the adverse decision minus the number of days you took to request mediation. Mediation of ADR does not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation or ADR. You may skip mediation or ADR and request an appeal hearing. However, in doing so, you will automatically waive your rights to an informal meeting, mediation or ADR.

Rural Development State Director address: (a copy must also be sent to the Centralized Servicing Center)

**Illinois State Office**
**USDA-Rural Development**
**2118 West Park Court, Ste. A**
**Champaign, IL 61821-2986**

## Option 3 - Appeal

You may request an appeal hearing from the National Appeals Division (NAD) rather than an informal review, mediation or ADR. There is not cost for an appeal. Your request for an appeal must be made no later than 30 days from the date you receive the attached letter. You must write the Assistant Director, NAD, for your region at the following address:

NAD Assistant Director Address: (A copy must also be sent to the Centralized Servicing Center)

### U. S. DEPARTMENT OF AGRICULTURE
**National Appeals Division**
**Eastern Regional Division**
**PO Box 68806**
**Indianapolis, Indiana 46268**
**1-800-541-0457**

The request for a NAD hearing must state the reasons why you believe the decision is wrong, be personally signed by you, and must include a copy of the attached letter. A copy of your request must also be sent to this office.

You have the right to an appeal hearing within 45 days of the receipt of your request. You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to examine or copy relevant non-confidential material in your file. Photostatic copies will be provided in accordance with the Freedom of Information Act. Your representative or counsel should have your written authorization to represent you and review your file.

The NAD Hearing Officer will contact you regarding a time and place for the hearing. You may also request a teleconference hearing in lieu of the face to face hearing. Rural Development intends to participate in any appeal hearing in writing, by teleconference, or both. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer thinks necessary.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants based on race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract), or because all or part of the applicant's income derives from any public assistance program. Department of Agriculture regulations provide that no agency, officer, or employee of the United States Department of Agriculture shall exclude from participation in, deny the benefits of, or subject to discrimination any person based on race, color, religion, sex, age, handicap, or national origin under any program or activity administered by such agency, officer, or employee. The Fair Housing Act prohibits discrimination in real estate-related transactions or in terms and conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin. If an applicant or borrower believes he or she has been discriminated against for any other reasons, that person can write the Secretary of Agriculture, Washington, D.C. 20250. Applicants also cannot be denied a loan because the applicant has in good faith exercised his or her right under the Consumer Protection Act. If an applicant believes he or she was denied a loan for this reason, the applicant should contact the Federal Trade Commission, Washington, D.C. 20580.

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

United States of America

**(b)**   County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
David H. Hoff, Assistant United States Attorney
201 S. Vine Street, Suite 226, Urbana, IL 61802
217-373-5875

## DEFENDANTS

Charles H. Barnes and Michele R. Barnes F/K/A Michele R. Gilbert

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1345
Brief description of cause:
Mortgage Foreclosure

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
51,340.31

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD
s/David H. Hoff

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.